# Morgan Lewis

**Michael E. Kenneally**
+1.202.739.5893
michael.kenneally@morganlewis.com

November 21, 2022

**BY CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:   *Jackson v. Amazon.com, Inc.*, No. 21-56107

Dear Ms. Dwyer:

*United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791 (9th Cir. 2017), does not support Jackson.

*Welch* analyzed a contract with multiple arbitration clauses. Jackson relies on a clause encompassing any claim "arising out of or 'related to' the employment relationship," which *Welch* construed as requiring a "direct connection" between the plaintiff's claims and her employment. *Id.* at 790. Welch's False Claims Act claims lacked that direct connection "because even if [she] 'had never been employed by defendants . . . , she would still be able to bring a suit against them for presenting false claims to the government.'" *Id.* at 798.

The present dispute, in contrast, directly connects to Jackson's participation in Amazon Flex. He could not have joined the Facebook groups, could not have experienced the alleged surveillance, and so could not have brought this suit without having been an Amazon Flex participant. According to Jackson, "prospective group members were only let in if they were also Flex Drivers." Jackson Br. 6; *cf. Phillips v. NCL Corp. Ltd.*, 824 F. App'x 675, 679 (11th Cir. 2020) (distinguishing *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011), also cited in Jackson's letter, on similar grounds).

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004         T +1.202.739.3000
United States                 F +1.202.739.3001

Molly C. Dwyer, Clerk of Court
November 21, 2022
Page 2

Besides, the 2016 TOS provision is closer to *Welch*'s second arbitration clause, which more broadly covered disputes "having any relationship or connection whatsoever with my seeking employment by, or employment or other association with the Company." 871 F.3d at 798. This Court stressed that this phrase was "much broader than the phrases 'arising out of' and 'related to.'" *Id.* at 799. The False Claims Act claims still were not arbitrable, but for reasons not relevant here: they were qui tam claims belonging to the government, not Welch herself. *Id.* at 800.

The 2016 TOS's "relating *in any way* to" phrasing is similarly expansive. And it readily supports considering the Amazon-Flex-related contents of Jackson's alleged Facebook conversations. *Cf. Brinkley v. Monterey Fin. Servs., Inc.*, 242 Cal. App. 4th 314, 332 (2015) (considering the subject of recorded telephone conversations when applying an "in any way related to" provision).

Respectfully submitted,

*s/ Michael E. Kenneally*
Michael E. Kenneally

*Counsel for Amazon.com, Inc.*

cc:   All counsel of record