**BURSOR & FISHER**
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

MAX S. ROBERTS
Tel: **646.837.7408**
Fax: **212.989.9163**
mroberts@bursor.com

March 20, 2023

<u>*Via ECF*</u>

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

   *Re:*  *Jackson v. Amazon.com, Inc.*, Case No. 21-56107
     <u>Jackson's Citation To Supplemental Authority, F.R.A.P. 28(j)</u>

Dear Ms. Dwyer:

  In *Davitashvili v. Grubhub Inc.*, 2023 WL 2537777 (S.D.N.Y. Mar. 16, 2023), the arbitration clauses were at least as broad as the clause at issue here. *Id.*, at *2 (requiring arbitration of "any [] dispute with Grubhub … Dispute shall have the broadest possible meaning") (cleaned up); *id.*, at *3 (requiring arbitration of "any dispute … in any way … relating to … your relationship with Uber") (cleaned up). Yet, the court denied the motions to compel arbitration.

  *First*, Uber could not establish the plaintiffs were on notice of the arbitration clause because "Uber [] failed to provide sufficient information about what its app or web page looked like when the Platform Plaintiffs initially signed up or at any other relevant time prior to December 2021," making it "impossible for the Court to conclude that the Platform Plaintiffs were on constructive notice of any arbitration agreement other than the December 2021 terms of use." *Id.*, at *7. This is similar to here, where Amazon failed to submit the design and content of the 2019 TOS update e-mail allegedly sent to Jackson. Answering Brf. at 24-37.

  *Second*, the plaintiffs' claims were not covered by the arbitration clauses because they were "completely unrelated to their use of defendants' platforms …. The fact that the Platform Plaintiffs at some time used some of the defendants' platforms is purely coincidental." *Davitashvili*, 2023 WL 2573777, at *10. The court described the clauses as "infinite arbitration clauses" that "the Ninth Circuit … ha[s] declined to enforce … where, as here, the claims at issue lacked any nexus

to the agreement containing the clause" because enforcement of the arbitration agreement would lead to "absurd results." *Id.* (citing *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717-21 (9th Cir. 2020)); *id.*, at *11 ("[I]t would be unconscionable to enforce defendants' arbitration clauses with respect to claims untethered to defendants' respective terms of use."). The same result is warranted here where Jackson's claims are independent of the 2016 TOS, and his status as an Amazon Flex Driver and the content of his posts is "coincidental." Answering Brf. at 39-53.

                                                                                                   Respectfully submitted,

                                                                                                   Max S. Roberts

                                                                                                   *Attorneys for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

The foregoing Rule 28(j) letter complies with the type-volume limitation Federal Rule of Appellate Procedure 28(j) because the body of the letter was prepared using a Times New Roman 14-point font and contains 349 words.

Dated: March 20, 2023

*/s/ Max S. Roberts*
Max S. Roberts

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I am electronically filing the foregoing Rule 28(j) letter with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all counsel of record.

Dated: March 20, 2023

*/s/ Max S. Roberts*
Max S. Roberts